## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

| | |
|---|---|
| Sharon Hoffman,        ) <br>        ) <br>     Plaintiff,      ) <br>        ) <br>     v.        ) <br>        ) <br> HBW Properties, Inc.,    ) <br>        ) <br>     Defendant.    ) | Civil Action No.  WMN 03 CV177 |

### ANSWER

Defendant, HBW Properties, Inc. ("HBW"), through undersigned counsel, responds as follows to the Complaint filed by the Plaintiff, Sharon Hoffman:

1.    HBW admits that the Plaintiff purports to state claims arising under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq., but denies the factual validity and legal sufficiency of those claims.

2.    HBW admits that the Complaint contains allegations that support the Court's jurisdiction under 29 U.S.C. § 1331, and that by these allegations the Plaintiff purports to invoke the Court's jurisdiction to award legal and equitable relief under 29 U.S.C. §§ 216 - 217, but HBW denies the factual validity and legal sufficiency of the allegations.  HBW further denies that the Plaintiff has asserted any state law claims requiring exercise of this Court's supplemental jurisdiction.  HBW further denies that the Plaintiff is entitled to liquidated damages or any other relief.  HBW denies the remaining allegations contained in paragraph two of the Complaint.

3.    HBW admits that its offices are located in Montgomery County, Maryland, and that the Plaintiff purports to assert claims based upon incidents allegedly occurring at the offices of HBW, but denies the factual validity and legal sufficiency of Plaintiff's claims.

4.    HBW admits the allegations in paragraph 4 of the Complaint.

5.    HBW admits that the Complaint contains allegations that support venue in this jurisdiction but denies the factual validity and legal sufficiency of those allegations.

6.    HBW admits that it employed Plaintiff as the Payroll Administrator in HBW's Rockville, Maryland facility, but denies the remaining allegations in paragraph 6 of the Complaint.

7.    HBW denies the allegations in paragraph 7 of the Complaint.

8.    HBW denies the allegations in paragraph 8(a) - 8(sssss) of the Complaint.

9.    There is no paragraph 9 of the Complaint; thus no response is necessary.

10.    HBW restates its response to paragraphs 1 through 8 as if fully set forth herein.

11.    HBW neither admits nor denies the allegations in paragraph 11 of the Complaint because they are legal conclusions to which no response is necessary.

12.    HBW neither admits nor denies the allegations in paragraph 12 of the Complaint because they are legal conclusions to which no response is necessary.

13.    HBW neither admits nor denies the allegations in paragraph 13 of the Complaint because they are legal conclusions to which no response is necessary.

14.    HBW neither admits nor denies the allegations in paragraph 14 of the Complaint because they are legal conclusions to which no response is necessary.

15.    HBW admits that it employed Plaintiff, but denies the remaining allegations in paragraph 15 of the Complaint.

16.    HBW denies the allegations in paragraph 16 of the Complaint.

17.    HBW denies the allegations in paragraph 17 of the Complaint.

Any allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

1.    HBW generally denies liability to Plaintiff and demands strict proof of all damages and claims alleged.

2.    Plaintiff fails to state a claim for which relief may be granted.

3.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

4.    Plaintiff was exempt from the overtime provisions of the Fair Labor Standards Act.

5.    Plaintiff is not entitled to liquidated damages because HBW acted in good faith and had reasonable grounds for believing that its acts and/or omissions did not violate the Fair Labor Standards Act.

6.    Plaintiff's claim are barred by her own representations or misrepresentations.

7.    Plaintiff's claims are barred by her violation of written company policy.

DATED:  March 3, 2003

Respectfully submitted,


_____/s/_____
Christine N. Kearns (Bar No. 04662)
M. Jennifer Hopeman
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 – Facsimile

Counsel for Defendant HBW Properties, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2003, the foregoing "Answer" was served via the U.S. District Court for the District of Maryland Case Management/Electronic Case Files System on the following counsel of record:

> Omar Vincent Melehy
> Zipin Melehy & Driscoll LLC
> 8403 Colesville Road
> Suite 610
> Silver Spring, MD 20910

> _____ /s/ _____
> Christine N. Kearns

Document #: 1308333 v.1